## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JOHN PAYNE, SR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 06-3090 |
| | ) | |
| STEVEN C. BRYANT, Warden, | ) | |
| Graham Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>OPINION</u>

RICHARD MILLS, U.S. District Judge:

The Court now considers Respondent Steven C. Bryant's Motion to Dismiss.

## FACTS

Petitioner John Payne, Sr. is serving a 40 year sentence for home invasion. Petitioner does not specify the date of his conviction, but he was sentenced in 1994 and the Illinois appellate court affirmed his conviction on September 12, 1996.

On April 18, 1996, Petitioner filed a post-conviction petition. He

1

also filed a petition for leave to appeal, but the Illinois Supreme Court denied it on January 29, 1997. The April 1996 post-conviction petition was denied by the state circuit court on September 4, 1998, and the decision was affirmed October 21, 2001.

On February 24, 2005, Petitioner filed a second unsuccessful post-conviction petition. He appealed and his appeal is currently pending in state court. Not to waste any time, Petitioner filed a third post-conviction petition. That too is pending in state court.

On May 12, 2006, Petitioner filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254. The petition asserts four claims, all based on <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Respondent moves to dismiss.

## STANDARD OF REVIEW

When considering whether to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), a court must accept a complaint's factual allegations as true. <u>See</u> <u>Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit</u>, 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517

2

(1993).  The court will only allow a motion to dismiss if the facts alleged by the plaintiff do not support the plaintiff's claim for relief.  <u>Bartholet v. Reishauer A.G.</u>, 953 F.2d 1073, 1078 (7th Cir. 1992).

## ANALYSIS

Section 2244(d)(1)(A) provides that the one year statute of limitations applicable to state prisoners seeking habeas relief begins to run from the latest of "the conclusion of direct review or the expiration of the time for seeking such review."  <u>See</u> 28 U.S.C. § 2244(d)(1)(A).  However, § 2244(d)(2) tolls that limitations period during the time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. §§ 2244(d)(1)(A), (d)(2).

Here, Petitioner's conviction became final ninety days after the Illinois Supreme Court issued its January 29, 1997, denial of his petition for leave to appeal.  Thus, the one year statute of limitations for the instant habeas petition expired in May 1997.  Petitioner did not file his habeas petition until May 12, 2006.

3

Regardless of the timeliness of the petition, Petitioner cannot show that his claims involve a new rule of constitutional law made retroactive to cases on collateral review. Section 2254(e)(2)(A)(i) allows for such claims to be considered, but Petitioner's claims do not fit the bill. <u>See</u> 28 U.S.C. § 2254(e)(2)(A)(i). Petitioner's claims are all based on <u>Apprendi</u> and the Seventh Circuit has held that <u>Apprendi</u> is not retroactive. <u>See</u> <u>Talbott v. Indiana</u>, 226 F.3d 866, 868 (7th Cir. 2000). As such, Petitioner's arguments are to no avail and he cannot succeed on his habeas petition.

<u>Ergo</u>, Respondent Steven C. Bryant's Motion to Dismiss (d/e 8) is ALLOWED. All pending motions are DENIED AS MOOT. This case is CLOSED.

IT IS SO ORDERED.

ENTER:    August 29, 2006

FOR THE COURT:                    s/ Richard Mills
                                 United States District Judge

4